**STALLFORTH v. HELVERING, Commissioner of Internal Revenue.**

No. 6345.

United States Court of Appeals for the District of Columbia.

Argued March 5, 1935.

Decided April 22, 1935.

G. Kibby Munson, Moultrie Hitt, and Charlton Ogburn, all of Washington, D. C., for petitioner.

Robert H. Jackson, M. B. Leming, Frank J. Wideman, Sewall Key, J. Louis Monarch, and Fred E. Youngman, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decision of the Board of Tax Appeals involving income taxes for the years 1925, 1926, and 1927, in respective amounts of $17,966.21, $29,704.54, and $8,708.75. The sole question presented by the assignment of errors is whether the petitioner while domiciled in the United States, but absent in Europe for period aggregating more than 6 months in each of the years in question, is taxable as a nonresident alien within the Revenue Act of 1926.

The facts, upon which there is no dispute, show that petitioner, a native of Mexico, came to the United States about 1912,

and shortly thereafter established his domicile in New York City, where he brought his family consisting of his wife and infant daughter and his sister-in-law. Another daughter was born in the United States. He lived continuously in New York City until 1920, when he acquired a home consisting of twenty-five acres with a sixteen-room house, at Woodstock, N. Y. Prior to this time he had maintained an apartment in New York City. After purchasing the estate at Woodstock, he relinquished the apartment in the city.

Petitioner lived continuously within the United States until 1923, when he made a trip to Europe. In 1924 he made another trip to Europe as Advisor of the Dawes Commission at Berlin. During that year he traveled through England, France, Germany, and Austria. During the years 1925, 1926, and 1927, he crossed the ocean twelve times, spending in the aggregate more than six months in each of the years in Europe. During these years he maintained business headquarters at the Hotel Bristol in Berlin. Petitioner's entire income for the years in question was earned for work performed in Europe for American business concerns.

Section 213 of the Revenue Act of 1926 (26 USCA § 954 and note), among other things, provides: "(c) In the case of a nonresident alien individual, gross income means only the gross income from sources within the United States, determined under the provisions of section 217 [section 958]." 26 USCA § 954 (c). Section 217 of the same act, 26 USCA § 958 (c) (3), provides: "(c) The following items of gross income shall be treated as income from sources without the United States: * * * (3) Compensation for labor or personal services performed without the United States."

The sole question, therefore, is whether or not under the facts stated petitioner was "a nonresident alien individual" during the years 1925, 1926, and 1927. If he was such, having spent more than six months of each year in Europe, maintained business headquarters there, and earned his income for work performed there, he would be exempt from the imposition of income taxes for the compensation so earned during the years in question.

Article 311 of Treasury Regulations 69, promulgated under the Revenue Act of 1926, defines a "nonresident alien individual" as follows: "An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient or not is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned."

The facts disclose conclusively that petitioner maintained a continuous domicile and residence within the United States, as evidenced by a declaration of intention in March, 1923, for citizenship, stating therein that it was his "intention in good faith to become a citizen of the United States of America and to permanently reside therein." In conformity with this declaration he was admitted to citizenship in October, 1928. In support of his application for naturalization, he took oath that he had arrived in the United States in the year 1912, and had been physically and continuously within the United States ever since, except for the periods hereinbefore mentioned. That he had maintained an apartment in New York since 1917, and the estate at Woodstock since 1920, and that "during all the periods of my absence abroad I never maintained any place of domicile outside the United States, and while abroad I lived always at hotels at various places where my business took me." He was also required to meet the conditions imposed in the naturalization statute which provides: "No alien shall be admitted to become a citizen who has not for the continued term of five years next preceding his admission resided within the United States." R. S. § 2170; U. S. C., title 8, § 361 (8 USCA § 361).

In a case like this, where the petitioner came to the United States, established his residence and domicile, purchased a home, declared his intention to become a citizen, and never, either by act or declaration, revealed any intention of returning to his na-

tive country or abandoning his residence in the United States, we think it unnecessary to consider the maze of decisions defining the technical distinctions between "domicile" and "residence." With the change of domicile petitioner established a fixed residence. As said in Mitchell v. United States, 21 Wall. 350, 353, 22 L. Ed. 584: "To constitute the new domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there. The change cannot be made except facto et animo. Both are alike necessary. Either without the other is insufficient. Mere absence from a fixed home, however long continued, cannot work the change. There must be the animus to change the prior domicile for another. Until the new one is acquired, the old one remains. These principles are axiomatic in the law upon the subject."

The facts in the present case not only conclusively establish the fact of petitioner's residence and permanent domicile, but fail by act or declaration to establish a contrary intention. Clearly, petitioner was not "a nonresident alien individual," within the express provisions of the taxing statute; and, therefore, was not entitled to exemption from taxation for the years here in question.

The decision of the Board of Tax Appeals is affirmed.